IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEANDRE D. DIXON,

        Petitioner,     :     Case No.3:20-cv-383

   - vs -                        District Judge Michael J. Newman
                                 Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Lebanon Correctional Institution,

                               :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Deandre Dixon, is before the Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed (the "Report," ECF No. 3). District Judge Cole recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 8). After the Recommittal Order was filed, the case was reassigned to District Judge Newman upon his becoming, on November 13, 2020, the sole active District Judge assigned to the Dayton location of court (ECF No. 9).

Dixon pleads three grounds for relief. His objections to their dismissal are discussed in turn.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Dixon claims his trial attorney provided ineffective assistance when he failed to give the notice required by Ohio criminal procedure of his intention to use evidence of the type described in Ohio R. Evid. 404 to impeach Michelle Edwards, a principal witness against him.

Dixon presented this claim on direct appeal to the Second District Court of Appeals which decided it against him on the merits.  *State v. Dixon*, 2019-Ohio-231, ¶¶ 8-12 (Ohio App. 2d Dist. Jan. 25, 2019).  The Report concluded that this decision was not an objectively unreasonable application of the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 3, PageID 21-26).

Dixon objects that the Second District erred in not finding Dixon was prejudiced by his counsel's error.  He posits that there were police reports of threats Edwards made against Gregory Moses, the man who was Dixon's rival for the affections of Ms. Edwards, and that those threats could have undermined her credibility.

The reports were of incidents between Edwards and Moses in April and June, 2014, and May 2015.  *Dixon, supra*, ¶ 9.  The State objected to use of these reports on the grounds of lack of prior notice, but also that they were irrelevant. *Id.* Because the incidents were removed in time from the murder of Moses in December 2016, the trial court excluded them as irrelevant and the Second District agreed. *Id.* at ¶¶ 10-11.

If the reports were irrelevant and therefore inadmissible, Dixon cannot show prejudice arising from counsel's lack of prior notice of intent to use them.  Even if counsel had given the

2

required notice, he would still have faced the relevance objection. Whether evidence is relevant or not is a question of state evidence law, and Dixon offers no authority for the proposition that the relevance objection was not proper under Ohio law or that he had a constitutional right to admission of the evidence.

A fair opportunity to present a defense in a criminal case is a constitutional right. *Baze v. Parker,* 371 F.3d 310, 323 (6th Cir. 2004), *citing Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Presenting relevant evidence is integral to that right. *Taylor v. Illinois*, 484 U.S. 400, 409-11 (1988). Few rights are more fundamental than that of an accused to present witnesses in his own defense. *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973)(citations omitted). However, a defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Id.* Judges have a wide discretion to exclude evidence which is only marginal. *Crane*, 476 U.S. at 690. The right to present relevant evidence is not unlimited, but subject to reasonable restrictions. *United States v. Scheffer*, 523 U.S. 303, 308 (1998), and may bow to accommodate other legitimate interests in the criminal trial process. *Rock v. Arkansas*, 483 U.S. 44, 55 (1987).

The sole authority cited by Dixon in his Objections, *Johnson v. Luoma*, 425 F.3d 318 (6th Cir. 2005), is concerned with juror bias and did not find ineffective assistance of trial counsel in failing to ask further questions in *voir dire*. It is simply inapplicable to this case.

Dixon's objections on Ground One should be overruled.

**Ground Two: Unconstitutional Search in Violation of the Fourth Amendment**

In his Second Ground for Relief, Dixon asserts his right under the Fourth Amendment to be free from unreasonable searches and seizures was violated by the issuance of the search warrant

in this case.

The Report found that Dixon had a full and fair opportunity to litigate his Fourth Amendment claim in the Ohio courts and that this Court was therefore barred from reaching the merits of that claim under *Stone v. Powell,* 428 U.S. 465 (1976), and *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). (ECF No. 3, PageID 26-29).

Dixon's Objections discuss at length the merits of his Fourth Amendment claims (ECF No. 4, PageID 43-51).  However, the Objections miss the point.  Although he did not win, Dixon had a full and fair opportunity to present his suppression case to the trial court and then to argue that the trial court erred in denying suppression when he appealed to both the Second District and the Supreme Court of Ohio.  The bar of *Stone v. Powell* does not disappear simply because a habeas petitioner has a colorable argument.  Dixon's Objections on Ground Two should be overruled.

**Ground Three: Convictions Based on Insufficient Evidence**

In his Third Ground for Relief, Dixon asserts his convictions for felonious assault, murder, improper discharge of a firearm, weapons under disability, specification for weapon, and specification for repeat violent offender are against the manifest weight of the evidence and based on constitutionally insufficient evidence.

The Report recommended that the manifest weight claim be dismissed for failure to state a constitutional claim (ECF No. 3, PageID 30, citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)). On the insufficient evidence claim, the Report recommended deferring to the Second District's decision on this claim under *Jackson v. Virginia*, 443 U.S. 307 (1979)(ECF No. 3, PageID 30-34).

Dixon objects that the violations of his Sixth and Fourth Amendment rights asserts in Ground One and Two undermine the State's case (Objections, ECF No. 7, PageID 52).  He notes that Michelle

4

Edwards' sister, Quayshawn, had made death threats against Moses, lied to police, and tried to hide her phone from them. *Id.* at PageID 53. He ignores the fact that cellphone data gave Quayshawn an alibi, proving that she was with her sister at a bar when Moses was killed. *Dixon, supra,* at ¶ 23 Dixon admits there was cellphone evidence that he was in the vicinity of the crime during the hour when the murder occurred and that he began moving in that direction after telling Michelle that he would kill Moses. *Id.* at ¶ 5. He does not deny that the murder weapon was in in his possession when he ran from police several hours after the killing. *Id.* at ¶ 22.

Strangely, the Objections contain the sentence "There were eyewitnesses to the shooting of Mr. Moses." (ECF No. 7, PageID 52). Dixon does not name anyone and the Second District's opinion does not mention any eyewitnesses.

Although there was no direct evidence that Dixon committed this murder, there was strong circumstantial evidence of motive (romantic involvement with Michelle Edwards), opportunity (being in the vicinity of the murder when it happened), and means (possession of the murder weapon) within hours of the shooting.

"Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction. Therefore, where the jury is properly and adequately instructed as to the standards for reasonable doubt a special instruction as to circumstantial evidence is not required." (*Holland v. United States*, 348 U.S. 121(1954) followed; *State v. Kulig*, 37 Ohio St. 2d 157 (1974), overruled on other grounds by *State v. Jenks*, 61 Ohio St. 3d 259 (1991)).

"Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *United States v.*

5

*Ramirez*, 635 F.3d 249, 256 (6th Cir. 2011), quoting *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1993); *United States v. Wettstain,* 618 F.3d 577, 583 (6th Cir. 2010); *United States v. McAuliffe,* 490 F.3d 526, 537 (6th Cir. 2007); *United States v. Kelley,* 461 F.3d 817, 825 (6th Cir. 2006); *United States v. Reed,* 167 F.3d 984, 992 (6th Cir. 1999); *United States v. Beddow,* 957 F.2d 1330, 1334 (6th Cir. 1992).

"[D]irect evidence of a fact is not required. Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence. *Michalic v. Cleveland Tankers, Inc.,* 364 U.S. 325, 330 (1960)(Brennan), citing *Rogers* v. *Missouri Pacific R. Co*., 352 U.S. 500, 508, n. 17(1957).

There was certainly sufficient circumstantial evidence to convict Dixon of killing Moses. Dixon's Objections as to the Third Ground for Relief should be overruled.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 16, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.